IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO BARRIENTOS a/k/a ROBERTO MARTINEZ, ID # 17044041,    Petitioner, | ) ) ) ) ) |
| vs. | ) No. 3:18-CV-756-G (BH) |
| | ) |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division,    Respondent. | ) Referred to U.S. Magistrate Judge ) ) ) ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**I. BACKGROUND**

Roberto Arnoldo Barrientos, aka Roberto Martinez, (Petitioner), an inmate in the Texas Department of Criminal Justice (TDCJ) Gurney Unit, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on February 21, 2018 (doc. 7). The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent). He challenges his convictions in Cause Nos. F02-72108 and F02-72109 in Criminal District Court No. 7 of Dallas County, Texas.[1]

On April 27, 2006, Petitioner was convicted of indecency with a child in each case. *See Barrientos v. State*, Nos. 05-06-00675-CR and 05-06-00676-CR, 2007 WL 1492049 (Tex. App. – Dallas May 23, 2007). The judgment was affirmed on appeal. *See id*. His petitions for discretionary

---

[1] Petitioner originally challenged six judgments of conviction from five different courts in No. 3:18-CV-114-G, and the judgments were severed into five separate cases. (*See* docs. 7 at 14; 14.)

review were refused. *See Barrientos v. State*, PD-1624-07 and PD 1625-07. He did not file a petition for discretionary review or a state habeas application. *See* www.txcourts.gov (search for petitioner).

He now asserts that the police report and charges were filed by a "bad element of the DSO" and that the appellate court erred in finding that he tried to kidnap the complainants. (*See* doc. 7 at 12, 13.)

## II.  EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals. He did not raise the claims on appeal. On appeal, he contended that the evidence was insufficient to support the convictions and that he was denied his right to a speedy trial. *See Barrientos*, 2007 WL 1492049. He has not filed a state habeas application. The Court of Criminal

Appeals has therefore not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

SIGNED on this 2nd day of April, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE